UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BROWN GARZA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:17-cv-1076-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 15, 26. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. Background

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had been disabled since December 31, 2011. Administrative Record ("AR") 202-14.[1] Plaintiff's

---

[1] Plaintiff subsequently amended his alleged disability onset date to September 23, 2013. AR 20, 40.

1

applications were denied initially and upon reconsideration. *Id.* at 126-30, 136-41. On October 26, 2015, a hearing was held before administrative law judge ("ALJ") Sara A. Gillis. *Id.* at 36-69. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert testified. *Id.*

On December 31, 2015, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[2] *Id.* at 20-30. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2018.

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

2. The claimant has not engaged in substantial gainful activity since September 23, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: status post laminectomy and fusion, obesity, anxiety disorder, depressive disorder, and bipolar disorder (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk two hours and sit six hours in an eight-hour workday; must avoid concentrated exposure to vibrations, heights, and dangerous machinery, and he cannot ben, stoop, or kneel. Mentally, the claimant can perform simple and detailed, but not complex tasks with no public contact.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant was born [in] 1981 and was 32 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

3

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from September 23, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 22-30.

Plaintiff's request for Appeals Council review was denied on August 3, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

## II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). ECF No. 13 at 15-22.

## III. Analysis

Plaintiff argues that the ALJ erred in (1) failing to find his chronic pain a severe impairment, (2) finding he did not satisfy Listing 12.04, (3) rejecting the opinions of his treating physicians without providing legally sufficient reasons, (4) rejecting his testimony absent clear and convincing reasons, (5) assessing his residual functional capacity ("RFC"), and (6) relying on

4

the vocational expert's testimony to find that he is not disabled. ECF No. 15 at 15-38. In his reply to the Commissioner's opposition and cross-motion for summary judgment, plaintiff also argues that this case should be remanded based on his subsequent successful application for disability benefits.[3] ECF No. 27 at 1-4. As discussed below, the matter must be remanded due the ALJ's failure to properly evaluate the medical opinion evidence. The court therefore finds it unnecessary to reach plaintiff's other arguments.

A. Relevant Legal Standard

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

---

[3] Plaintiff was unable to raise this argument in his motion for summary judgment, as his subsequent application for disability benefits was granted on November 14, 2017. ECF No. 27-1. Accordingly, the Commissioner was granted leave to file a surreply to address the argument. *See* ECF Nos. 28, 29.

5

B. <u>Discussion</u>

Plaintiff argues that the ALJ erred by failing to provide legally sufficient reasons for rejecting the opinion of Dr. Henry Starkes, one of plaintiff's treating physicians. ECF No. 15 at 21-24.

Dr. Starkes completed a medical source statement, in which he stated that plaintiff's diagnosed impairments included lumbosacral disease with disc degeneration and sacroiliitis. AR 647. Dr. Starkes opined that due to his impairments, plaintiff could lift no more than 10 pounds both frequently and occasionally; walk and/or stand less than two hours in an eight-hour workday; sit two hours in an eight-hour workday; never climb, balance, stoop, kneel, crouch, or crawl; occasionally reach and handle; and frequently finger. *Id*. at 647-48. He further opined that plaintiff would need to elevate his feet for two hours in an eight-hour day and would have to lie down every three to four hours. *Id*. Additionally, it was his opinion that plaintiff could only sustain two hours of work in an eight-hour day and would miss more than four days a month due to his impairments. *Id*. Dr. Starks also completed a spinal root compression report, which sought information related to Listing 1.04A.[4] *Id*. at 719. On this form, Dr. Starkes indicated that plaintiff had nerve root compression with arthropathy (joint disease) and sciatic pain, which limited plaintiff's motion of the spine and caused muscle weakness and sensory loss. *Id*.

In assessing plaintiff's RFC, the ALJ rejected Dr. Starkes's opinion in favor of the opinions from two state agency non-examining physicians, Dr. M. Acinas and Dr. B. Sheehy,

---

[4] To meet Listing 1.04 A, a claimant must have a spinal disorder resulting in "compromise of a nerve root (including the cauda equina) of the spinal cord," with all the following:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitations of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

Listing 1.04A, 20 C.F.R. Part 404, Subpt. P, App. 1; *see Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.") (emphasis in text) (citing SSR 83-19).

who both concluded that plaintiff could perform light work but with some postural and environmental limitations. *Id*. at 28; *see id*. at 76-77, 88-89, 103-05, 117-19. The ALJ concluded that Dr. Starkes's opinion was entitled to little weight because it was not supported by his own treatment records, which reflected normal motor strength, intact sensation, and generally no acute distress. AR 28 (citing AR 694, 697, 700-01, 703, 707, 709, 711, 715). The ALJ also noted that the opinion submitted by Dr. Starkes described clinical findings that were not supported by the record. AR 23, 28. Specifically, the ALJ observed that Dr. Starkes's stated that plaintiff had muscle weakness and sensory loss, but that the treatment records fail "to document any sustained neurological deficits, and note normal motor strength and sensation and do not indicate problems with ambulation." *Id*. at 23.

With respect to the ALJ's first reason, the ALJ permissibly rejected Dr. Starkes's opinion because it was not supported by the physician's own treatment notes. An inconsistency in a doctor's opinions, observations, and clinical notes "is a clear and convincing reason for not relying on the doctor's opinion" regarding the claimant's abilities or limitations. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (holding that ALJ may reject a treating physician's opinion that is inconsistent with treatment reports).

As observed by the ALJ, Dr. Starkes's treatment records consistently reflect that plaintiff was not in acute distress, his sensory was intact, and motor strength was normal in the upper and lower extremities. AR 693-94, 697-712. Plaintiff contends, however, that this reason is insufficient because the ALJ failed to explain how normal neurological findings on examination were contrary to Dr. Starkes's opinion. ECF No. 15 at 23. Plaintiff also emphasizes that Dr. Starkes's diagnosed lumbosacral disease with disc degeneration and chronic lumbar pain which, according to plaintiff, supports the assessed limitations. *Id*.

Plaintiff's argument unduly focuses on the fact that the ALJ cited to neurological findings. The ALJ did not concluded that Dr. Starkes's opinion was inconsistent with positive neurological findings. Rather, the ALJ simply provided an example of the normal objective findings contained in Dr. Starkes's records, which appear to be at odds with the severe limitations he assessed.

Indeed, examination of Dr. Starkes's records reveal virtually no objective medical findings that could support any particular level of limitation, much less the severe limitations he assessed. *See* AR 693-94, 697-712. Accordingly, the ALJ permissibly concluded that Dr. Starkes's opinion was not supported by his own treatment records.

In the same vein, the ALJ also properly observed that Dr. Starkes's opinion described medical findings that were inconsistent with his treatment notes. In his opinion, Dr. Starkes specifically stated that plaintiff had muscle weakness and sensory loss. *Id*. at 719. As just discussed, Dr. Starkes's treatment notes consistently show that plaintiff had normal strength and intact sensation. The ALJ properly relied on this contradiction in discounting Dr. Starkes's opinion.

Plaintiff also argues that the ALJ erred by ignoring the opinion of his treating physician Dr. Ardavan Aslie. ECF No. 15 at 24. In September 23, 2013, Dr. Aslie noted that plaintiff had significant degenerative disc disease. AR 415. He also stated that he was going to extend plaintiff's disability due to scarring around the surgical site, which would make it difficult for plaintiff to resume work. *Id*. at 415. Additionally, he opined that "[d]ue to the patient's weight and the extent of the injury to his back patient would be a candidate for total disability." *Id*.

The ALJ's response to this opinion is problematic. The ALJ did not address it, much less proffer reasons for rejecting it. Although the ALJ "is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, . . . he cannot reject them without presenting clear and convincing reasons for doing so." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *see Hill v. Astrue*, 698 F.3d 1153, 1160 (holding that the ALJ's failure to address treating physician's opinion that the claimant's impairments made full time competitive employment unlikely was not harmless error).

The Commissioner does not dispute that the ALJ failed to address Dr. Aslie's opinion. Instead, the Commissioner argues that plaintiff has failed to establish legal error because the ALJ discussed Dr. Aslie's findings and also rejected Dr. Starkes's opinion that plaintiff was disabled. ECF No. 26 at 29. According to the Commissioner, the court can infer from the record that the ALJ rejected Dr. Aslie's opinion that plaintiff was disabled for the same reasons the ALJ rejected

Dr. Starkes's opinion of disability. *Id.* (citing *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("It is true that the ALJ did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because . . . .' But our cases do not require such an incantation. As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion. It is proper for us to read the paragraph discussing Dr. Pont's findings and opinion, and draw inferences relevant to Dr. Fox's findings and opinion, if those inferences are there to be drawn."). The argument is unpersuasive.

The record cannot support the inference urged by the Commissioner. The ALJ's reasons for rejecting Dr. Starkes's opinion cannot justify the rejection of Dr. Aslie's opinion. As previously discussed, Dr. Starkes's opinion was rejected due to inconsistencies between his opinion and his own treatment records. Those inconsistencies are not a reflection of Dr. Aslie's opinion. As noted by the ALJ, Dr. Aslie was the physician who performed surgery on plaintiff's back (*id*. at 25), and Dr. Aslie clearly states that his opinion is based on plaintiff's extensive back injury (*Id*. at 415). Thus, it is clear that Dr. Aslie's opinion is based on his own clinical findings and observations. Accordingly, the ALJ's reasons for rejecting Dr. Starkes's opinion do not support the rejection of Dr. Aslie's opinion.

Accordingly, the ALJ erred by failing to address Dr. Aslie's treating opinion.

C. <u>Remand for Further Proceedings</u>

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal quotes and citations omitted). A district court may remand for immediate payment of benefits only where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 563 (9th Cir. 2004). However, even where all three requirements are satisfied, the court retains "flexibility" in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d

1133, 1141 (9th Cir. 2014). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Dominguez*, 808 F.3d at 407.

Given that the ALJ did not consider all the medical opinion in the record, the court cannot conclude that further administrative proceedings to consider such evidence would serve no useful purpose.

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in the plaintiff's favor and close the case.

DATED: September 27, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE